# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
October 27, 2015 Session

# VAAL HALL, BY AND THROUGH HIS CONSERVATOR, THERESA ANNE HALL, AND THERESA ANNE HALL, INDIVIDUALLY v. CHARLES L. OWENS JR., ET AL.

### Appeal from the Circuit Court for Madison County
No. C10326     Donald H. Allen, Judge

_____

### No. W2014-02214-COA-R3-CV – Filed November 20, 2015
_____

This is an appeal from a trial court's grant of summary judgment in a negligence case. Defendant's truck collided with Plaintiff's car causing Plaintiff serious injuries. Plaintiff sued Defendant for injuries stemming from the accident, which he alleged was proximately caused by Defendant's negligence. Defendant filed a motion for summary judgment. It was undisputed that the accident occurred after Plaintiff's car entered an intersection and proceeded to turn left across a lane of oncoming traffic despite the fact that the traffic signal facing him was red. It was further undisputed that the traffic signal facing Defendant was green as he proceeded into the intersection from the opposite direction in his truck. Traffic cameras installed at the intersection captured video footage of the collision, which was admitted as evidence. Based on the video footage and other undisputed evidence, the trial court determined that no reasonable juror could conclude that Plaintiff was less than 50% at fault. Plaintiff appealed. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and BRANDON O. GIBSON, J., joined.

John Hamilton, Jackson, Tennessee, and Thomas F. Bloom, Nashville, Tennessee, for the appellants, Vaal Hall and Theresa Anne Hall.

James C. Wright, Knoxville, Tennessee, for the appellees, Charles L. Owens, Jr., and Delta Beverage Group, Inc.

## OPINION

## I. BACKGROUND AND PROCEDURAL HISTORY

The incident that is the subject of this lawsuit occurred on November 3, 2009 on the Highway 45 Bypass in Jackson, Tennessee. At approximately 6:00 a.m. on that day, Plaintiff/Appellant Vaal Hall ("Mr. Hall") was driving his 2003 Toyota Matrix southbound on the Highway 45 Bypass approaching its intersection with Channing Way from the north. As Mr. Hall approached the intersection with Channing Way, he entered the turn lane intending to turn left across the northbound lane of the Highway 45 Bypass onto Channing Way. The left-turn traffic signal facing Mr. Hall was red. At the same time, Defendant/Appellee Charles Owens, Jr. ("Mr. Owens") was driving a fully loaded tractor-trailer truck owned by Defendant/Appellee Delta Beverage Group, Inc. ("Delta Beverage") northbound on the Highway 45 Bypass approaching its intersection with Channing Way from the south. Mr. Owens was accompanied in the truck by Derrick Daniel ("Mr. Daniel"). The traffic signal facing Mr. Owens was green. Mr. Owens's truck and the intersection were both well-lit, and there was nothing obstructing the view of either driver. Despite the red left-turn traffic signal facing him, Mr. Hall accelerated into the intersection and attempted to turn left across the northbound lane of the Highway 45 Bypass. Mr. Daniel observed Mr. Hall's car as it entered the intersection in front of Mr. Owens's truck and shouted at Mr. Owens to stop. Mr. Owens applied the brakes but was unable to avoid Mr. Hall's car. As Mr. Owens's truck skidded into the intersection, it collided with the passenger side of Mr. Hall's car causing Mr. Hall serious injuries. Two traffic cameras installed at the intersection captured video footage of the collision.

On November 2, 2010, Mr. Hall, by and through his conservator, Theresa Anne Hall ("Ms. Hall" and collectively with Mr. Hall, the "Halls"), and Ms. Hall, individually, filed this lawsuit in the Madison County Circuit Court naming Mr. Owens and Delta Beverage as defendants (the "Defendants").[1] Subsequently, in October 2013, the Halls were permitted to file an amended complaint. In their amended complaint, the Halls alleged that Mr. Owens's negligence was the direct and proximate cause of the collision and the injuries suffered by the Halls as result of the November 3, 2009 accident. They further alleged that Mr. Owens's employer, Delta Beverage, was vicariously liable for the injuries caused by Mr. Owens's actions in the scope of his employment. The Halls sought an award of damages in the amount of $10 million to Mr. Hall for pain and suffering, medical expenses, loss of the normal pleasures and enjoyments of life, and permanent disability and impairment, as well as

---

[1] The Halls' original complaint also named Pepsico d/b/a Pepsi Company, PepsiAmericas, and Pepsi-Cola Bottling Company as defendants, but an order of voluntary non-suit was later entered as to those defendants.

an award of damages in the amount of $10 million to Ms. Hall for the loss of services of her spouse and the loss of her spouse's society and companionship.

The Halls retained Thomas Langley ("Mr. Langley"), an accident reconstruction expert, to testify as an expert witness. In August 2013, attorneys from both parties met with Mr. Langley to take his deposition testimony. During the deposition, Mr. Langley stated that, based on his knowledge of similar trucks and road surfaces and his assessment of police photographs of the scene and video footage of the accident, he estimated that Mr. Owens's truck was traveling in excess of the posted 55 mile per hour speed limit at a rate of 60 to 65 miles per hour prior to braking. Though Mr. Langley acknowledged that Mr. Hall was the first driver to set the accident in motion and the last driver with the opportunity to avoid the accident, he opined that the speed of Mr. Owens's truck and his lack of proper attention to the road also contributed to the accident.

On March 4, 2014, the Defendants filed a motion for summary judgment and an accompanying statement of undisputed facts. The Defendants relied heavily on the traffic camera video footage of the accident in support of their motion. First, the Defendants asserted that the video footage showed that Mr. Hall violated numerous traffic laws by turning left across the northbound lane of the Highway 45 Bypass despite facing a red traffic signal and that the video clearly established that his negligence in doing so was the direct and proximate cause of the accident. Second, the Defendants asserted that the video footage refuted Mr. Langley's deposition testimony that Mr. Owens's truck was traveling 60 to 65 miles per hour prior to braking. In support of that assertion, the Defendants submitted affidavits of two expert witnesses, David Brill and Joe Warren, stating that, based on an assessment of the video footage, Mr. Owens's truck was traveling 52 miles per hour prior to braking. The Defendants argued that in light of the video footage, no reasonable fact finder could determine that Mr. Hall was less that 50% at fault for the accident.

On April 7, 2014, the Defendants filed a motion in limine seeking to exclude Mr. Langley's testimony. The Defendants asserted that Mr. Langley's testimony regarding the speed of Mr. Owens's truck prior to braking was flawed because, among other things, he ignored the video footage of the collision and used exaggerated numbers and a formula unsupported by scientific literature. The Defendants argued that because the best evidence of the truck's speed, the traffic camera video footage, refuted Mr. Langley's estimation that the truck was traveling 60 to 65 miles per hour prior to braking, his testimony was untrustworthy and therefore inadmissible.

On April 10, 2014, the Halls filed a memorandum in opposition to the Defendants' motion for summary judgment. The Halls asserted that the physical evidence showed that (1) Mr. Owens's truck was traveling 60 to 65 miles per hour; (2) he had six to nine seconds to

3

react to Mr. Hall's turning car prior to the collision; and (3) he failed to apply the truck's brakes in a timely manner. They asserted that if Mr. Owens had been paying attention to Mr. Hall's car, he could have applied the truck's brakes sooner, with less severity, and avoided the collision. Accordingly, the Halls asserted that the collision was caused by both drivers' negligence and argued that the case should proceed to trial to allow a jury to allocate fault between them.

On April 17, 2014, the trial court heard oral arguments on the Defendants' motion for summary judgment. On the same day, the Halls filed an affidavit of Mr. Langley in opposition to the Defendants' motion for summary judgment. In the affidavit, Mr. Langley stated that he was an accident reconstruction expert with 33 years of experience. Mr. Langley stated that he produced a scaled diagram of the accident based on his examination of the scene, measurement of the skid marks, photographs, and video footage, and that he was prepared to testify that (1) Mr. Owens's truck was traveling 60 to 65 miles per hour in a 55 mile per hour zone; (2) Mr. Owens had approximately six to nine seconds of clear visibility of Mr. Hall's car; (3) Mr. Hall turned left against a red traffic signal; (4) Mr. Owens failed to respond to Mr. Hall's car prior to entering the intersection; (5) if Mr. Owens's truck had not been exceeding the posted speed limit, the wreck might not have happened; (6) if Mr. Owens had been paying attention, he could have braked sooner and with less severity and avoided the collision; and (7) the speed of Mr. Owens's truck and his lack of attention caused the collision. In response to the affidavits of the Defendants' expert witnesses, Mr. Langley opined that the resolution of the traffic video footage was too low to be used in making an accurate determination as to the speed of Mr. Owens's truck prior to braking.

On April 22, 2014, the trial judge sent a letter to the parties' attorneys to inform them that he had decided to grant summary judgment in favor of the Defendants. In the letter, the trial judge outlined the evidence presented and the reasoning he employed to determine that the Defendants were entitled to a judgment as a matter of law. The letter stated that, in light of the traffic camera video footage, "no reasonable minds could find anything other than the fact that Mr. Hall's actions in driving that morning of the accident constituted negligence, and negligence per se, and that his actions were the proximate cause of the accident, at least to the extent of 50% fault." Moreover, the letter indicated that the trial court found Mr. Langley's estimate of the speed of Mr. Owens's truck prior to braking to be "fundamentally flawed." It stated that Mr. Langley's opinion "failed to consider the weight of the defendant's vehicle, the type or air pressure of the tires of the vehicle, or the conditions of the road surface," and also "failed to orient the location of the vehicles involved just prior to the accident, or how the defendant's truck was loaded and whether the brakes were functioning properly." In closing, the letter instructed counsel for the Defendants to draft an order granting the motion for summary judgment.

4

On May 19, 2014, prior to the entry of an order granting the Defendants' motion for summary judgment, the Halls filed a second affidavit of Mr. Langley. Many of the statements in Mr. Langley's second affidavit were identical to those included in his first affidavit. In the second affidavit, however, Mr. Langley also set forth a detailed explanation of the formula he used to estimate the speed of Mr. Owens's truck prior to braking.

On June 4, 2014, the trial court entered an order granting the Defendants' motion for summary judgment. In large part, the language in the order was taken directly from the trial judge's letter to the attorneys. In its order, the trial court stated that although the allocation of fault in comparative negligence cases is normally left to the jury, the presence of video footage of the accident made this case unique. The trial court stated that based on the video footage, no reasonable person could find that Mr. Hall was less than 50% at fault for the accident. Additionally, the trial court stated that the Halls had failed to demonstrate or cite any material facts in dispute. The trial court noted that the Halls admitted that Mr. Hall was the first driver to set the accident in motion and the last driver with the opportunity to avoid the collision. The trial court rejected Mr. Langley's opinion concerning the speed of Mr. Owens's truck prior to the collision stating that his opinions were "fundamentally flawed" and therefore inadmissible.

Following the entry of the trial court's order, the Halls filed a motion to alter or amend, which the trial court denied on October 8, 2014. On November 5, 2014, the Halls filed a notice of appeal to this Court.

## ISSUES

The Halls present the following issues on appeal, as they are stated in their appellate brief:

1. Whether the trial court erred in finding that [Mr. Langley's] opinions, including the speed at which [Mr. Owens's] vehicle was traveling at the time of the collision, were "fundamentally flawed" and inadmissible under case law.

2. Whether the trial court erred in finding no genuine issue of material fact and granting the Defendants' motion for summary judgment.

## STANDARD OF REVIEW

This appeal arises from the trial court's grant of the Defendants' motion for summary judgment. We review the trial court's ruling on a motion for summary judgment de novo, with no presumption of correctness. *Abshure v. Methodist Healthcare-Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010). In doing so, we must make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013). Rule 56.04 provides that summary judgment is appropriate when the "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A disputed fact is "material" if it must be decided in order to resolve the substantive claim or defense at which the summary judgment motion is directed. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008) (citing *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)). A disputed fact only presents a "genuine issue" if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Id*. (citing *Byrd*, 847 S.W.2d at 215). The party moving for summary judgment has the ultimate burden of persuading the court that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Town of Crossville Hous. Auth. v. Murphy*, 465 S.W.3d 574, 578 (Tenn. Ct. App. 2014) (citing *Byrd*, 847 S.W.2d at 215). When the moving party does not bear the burden of proof at trial, the moving party may make the required showing and shift the burden of production either "(1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, __ S.W.3d __, No. W2013-00804-SC-R11-CV, at *22 (Tenn. Oct. 26, 2015). "If the moving party makes a properly supported motion for summary judgment, the burden of production shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact requiring trial." *Town of Crossville Hous. Auth.*, 465 S.W.3d at 578 (citing *Byrd*, 847 S.W.2d at 215). At the summary judgment stage, the courts must accept the nonmoving party's evidence as true and resolve all doubts concerning the existence of a genuine issue of material fact in the nonmoving party's favor. *Martin*, 271 S.W.3d at 84 (citing *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998)).

## ANALYSIS

The Tennessee Supreme Court has adopted the modified system of comparative fault. *McIntyre v. Balentine*, 833 S.W.2d 52, 57 (Tenn. 1992). In Tennessee, "so long as a plaintiff's negligence remains less than the defendant's negligence the plaintiff may recover; in such a case, plaintiff's damages are to be reduced in proportion to the percentage of the total negligence attributable to the plaintiff." *Id*. The Halls contend that the trial court erred

6

in concluding that Mr. Langley's estimate of the speed of Mr. Owens's truck prior to the collision was inadmissible. They argue that by accepting their evidence, including Mr. Langley's estimates, as true and resolving all doubts in their favor, this Court should conclude that they established a genuine issue of material fact requiring resolution by the trier of fact. Thus, we first address whether, accepting all of the Halls' evidence as true and resolving all doubts in their favor, a reasonable juror could find Mr. Hall to be less than 50% at fault for his injuries. *See Maxwell v. Motorcycle Safety Found., Inc.*, 404 S.W.3d 469, 473 (Tenn. Ct. App. 2013) ("Summary judgment should only be granted when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach but one conclusion." (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)).

Even taking all of the Halls' evidence as true and viewing it in the light most favorable to them, the Halls have failed to establish a genuine issue of material fact. The Halls admit that the traffic signal facing Mr. Hall was red at the time he entered the intersection. The Halls admit that Mr. Hall proceeded to make an illegal left turn across the path of oncoming traffic in the northbound lane of the Highway 45 Bypass. The Halls admit that the traffic signal facing Mr. Owens was green at the time he entered the intersection in the northbound lane. The Halls admit that Mr. Owens's truck was well-illuminated and there was nothing blocking Mr. Hall's view of it. The Halls' expert witness, Mr. Langley, testified in his deposition that Mr. Hall was the first driver to set the accident in motion and was the last driver with the opportunity to avoid the collision. The Halls assert that Mr. Owens's truck was traveling in excess of the posted 55 mile per hour speed limit at a rate of 60 to 65 miles per hour prior to braking and that Mr. Owens could have avoided the collision by braking sooner. Assuming these facts to be true, however, no reasonable juror could conclude that Mr. Owens was at least 50% at fault for the accident in light of the undisputed facts that Mr. Hall ran a red light to turn left across oncoming traffic and was hit by Mr. Owens's truck as it proceeded through the intersection on a green light. At best, the Halls' evidence only shows that Mr. Hall may not have been 100% at fault for the accident; no reasonable juror could find Mr. Hall to be less than 50% at fault for the accident.

In their motion for summary judgment and supporting documents, the Defendants negated an essential element of the Halls' negligence claim by establishing that Mr. Hall's own negligence was the proximate cause of the accident. In doing so, the Defendants shifted the burden of production to the Halls to demonstrate the existence of a genuine issue of material fact. To defeat the Defendants' motion for summary judgment, the Halls were required to demonstrate evidence that would permit a reasonable juror to find that Mr. Hall was less than 50% at fault for the accident. To satisfy this burden required more than simply showing that there was some metaphysical doubt as to the material facts. *See Mosley v. Metro. Gov't of Nashville & Davidson Cnty.*, 155 S.W.3d 119, 123 (Tenn. Ct. App. 2004) (citing RESTATEMENT (SECOND) OF TORTS § 431 cmt. a (1965); 4 Fowler V. Harper, et al.,

*The Law of Torts* § 20.2 at 91 (2d ed.1986); W. Page Keeton, *Prosser and Keeton on the Law of Torts*, § 41, at 264 (5th ed.1984)).  The determination of whether the evidence is sufficient to permit a reasonable juror to find that the defendant's negligence proximately caused the plaintiff's loss is "a common sense analysis of the facts that lay persons can undertake as competently as the most experienced judges." *Id*.  "While comparative fault is typically a question for the trier of fact, summary judgment is appropriate in those situations where reasonable minds could only conclude that . . . plaintiff's fault was equal to or greater than the fault of the defendant." *Norris v. Pruitte*, No. 01A01-9709-CV-00506, 1998 WL 1988563, at *3 (Tenn. Ct. App. Aug. 24, 1998) (citing JOHN A. DAY & DONALD CAPPARELLA, TENNESSEE LAW OF COMPARATIVE FAULT, p. 12-18 (1997)).  In light of the evidence presented in this case, particularly the video footage of the accident at issue, a reasonable juror could only conclude that Mr. Hall was primarily responsible for the accident.[2]  We therefore agree with the trial court's decision to grant summary judgment in favor of the Defendants.

## CONCLUSION

The judgment of the trial court is affirmed.  The costs of this appeal are taxed to the appellants, Vaal Hall and Theresa Anne Hall, and their sureties, for which execution may issue if necessary.

_____
ARNOLD B. GOLDIN, JUDGE

---

[2] In reaching this conclusion, we accepted the opinions of the Halls' expert, Mr. Langley, as true and viewed them in light most favorable to the Halls.  The issue raised by the Halls regarding the admissibility of Mr. Langley's testimony is therefore pretermitted, and we decline to address it.